UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS PALM, | No. 2:18-cv-1579-EFB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed this action seeking review of a final decision of the Commissioner of Social Security ("Commissioner") finding he was overpaid disability benefits. Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that this action is untimely. ECF No. 16. For the following reasons, defendant's motion is granted.

I. Background

In August 2005, plaintiff filed an application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("Act"), which was granted. ECF No. 16-1 at 8. On November 18, 2015, the Social Security Administration ("SSA") notified plaintiff that he had been overpaid benefits in the amount of $17,125.86 between April 1, 2013 and July 1, 2015 due to excess resources in an E-Trade account and a bank account. *Id.* Plaintiff sought reconsideration of the decision, but his request was denied. *Id*.

After holding a hearing, an administrative law judge ("ALJ") issued a decision finding that plaintiff was overpaid $17,125.86 in benefits and liable for repayment of that amount. *Id.* at 8-15. Plaintiff's request for Appeals Council review was denied on February 6, 2018, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 16-19. Plaintiff subsequently filed the instant action on May 30, 2018, seeking judicial review of the Commissioner's decision. ECF No. 1.

The Commissioner moves for dismissal of this action, arguing that it was untimely filed. ECF No. 16.

II. <u>Legal Standards</u>

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Congress has authorized federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the claimant] was a party." 42 U.S.C. § 405(g). To seek judicial review of a final decision of the Commissioner, a plaintiff must commence a civil action in federal court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id.* The term "mailing" is construed as the date the claimant receives the notice. *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir.1987). A claimant is presumed to have received notice "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

The 60-day statute of limitations set forth in section 405(g) is a condition of sovereign immunity and therefore must be strictly construed. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986). "Accordingly, courts have dismissed actions filed only days after the expiration of this statute of limitations." *Edmond v. Colvin*, 2014 WL 4964309, at * 3 (C.D. Cal. Aug. 29, 2014) (citing *Tate v. United States*, 437 F.2d 88 (9th Cir. 1971)); *see also Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming dismissal of case filed one day outside the statute of limitations); *Williams v. Comm'r Soc. Sec.*, 2019 WL 1556659 (E.D. Cal. Apr. 10, 2019) (dismissing case filed one day late); *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. 2002)

/////

2

(same). However, the Supreme Court has held that equitable tolling of the sixty-day requirement is consistent with Congress' intent in enacting 405(g). *Bowen*, 476 U.S. at 468.

III. Discussion

The notice of the Appeals Council's determination is dated February 6, 2018. ECF No. 16-1 at 16. As such, plaintiff is presumed to have received the notice on February 11, 2018, with the sixty-day limitation period expiring on April 12, 2018. 20 C.F.R. § 422.210(c). Plaintiff did not commence this action until May 30, 2018, forty-nine days after the statutory deadline. ECF No. 1.

Plaintiff contends, however, that his complaint is timely because neither he nor his designated payee received a copy of the Appeals Council's notice. ECF No. 18 at 3-4. He blames his lack of receipt on the United States Postal Service, which he describes as unreliable. *Id*. at 4. However, he also states that he received a letter from the SSA on April 9, 2018 that referenced the Appeals Council's determination. Because this action was filed within 60 days of receipt of that letter, plaintiff claims that the case was timely filed. *Id*.

Unfortunately for plaintiff, a conclusory and unsupported statement that he did not receive a copy of the Appeals Council's notice is insufficient to rebut the presumption of timely receipt. *See Rivera v. Secretary of Health and Human Services*, 39 F.3d 1188 (9th Cir. 1994) (unpublished) (finding that claimant's "bare allegations of a mail service delay are insufficient to overcome the presumption accorded to the Secretary under the regulations . . . ."); *Thompson v. Colvin*, 2016 WL 6126028, at *3 (W.D. Wash. Oct. 19, 2016) (holding that presumption was not rebutted where plaintiff offered "nothing more than the bare assertion that neither he nor his attorney received the Notice within the presumed time period."); *Downey v. Colvin*, 2013 WL 3526761, at *2 (D. Or. July 8, 2013) ("The scant support offered by plaintiff . . . is not affirmative evidence [of delayed receipt] . . . . Rather, the evidence provided by plaintiff is essentially no more than a reiteration that the notice was not received."); *see also McCall v. Bowen*, 832 F.2d 862, 864-54 (5th Cir. 1987) (affidavits from plaintiff and counsel claiming that notice was not received until two months after the date it was mailed were insufficient to rebut presumption of timely receipt). Here, as in the cases cited above, plaintiff's argument is premised on nothing

more that a bare assertion that neither he or his representative payee[1] received the letter issued on April 9, 2018.

Accordingly, it is presumed that plaintiff received notice of the Appeals Council's determination on February 11, 2018, thereby requiring him to file a civil action by no later than April 12, 2018. *See* 20 C.F.R. § 422.210(c); 42 U.S.C. § 405(g). Because plaintiff did not file the instant case until May 30, 2018, it is untimely.

IV. <u>Conclusion</u>

Accordingly, it is hereby ORDERED that:

1. The Commissioner's motion to dismiss (ECF No. 16) is granted;

2. The case is dismissed as untimely; and

3. The Clerk is directed to close the case.

DATED: September 24, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The record before the court does not indicate why plaintiff has a representative payee. However, the ALJ's decision appears to indicate that it was not on account of a lack of mental capacity. ECF No. 16-1 at 13. (" . . . the payee testified that claimant had a 'good mind' and was 'smart person' at the time the E-trade account was opened.").

4